## William P. Carlin v. Martha J. Carlin.

1. DIVORCE—*Form of the Bill for.*—The bill for divorce in this case is set forth in the statement of the case and held sufficient.

2. LIMITATIONS—*Laches in Divorce Cases.*—Our statute of limitations does not in terms apply to proceedings for divorce; in such cases the court will determine from inherent equitable principles, whether the complainant has been guilty of such *laches* as ought to bar the relief sought.

3. LACHES.—*In Proceedings for Divorce*—A bill for divorce upon the ground of habitual drunkenness for a period of two years, need not be exhibited in the court immediately upon the expiration of the two years.

4. DIVORCE—*For Habitual Drunkenness.*—In a proceeding for divorce, it is sufficient if the allegations of the bill show the defendant to have been guilty of habitual drunkenness for two successive years prior to the institution of the suit, and negative all imputations of condonation or *laches* if such an inference arises from the delay in invoking the action of the court or otherwise from the circumstances of the particular case.

Carlin v. Carlin.

5. ALIMONY—*Pendente Lite.*—Alimony *pendente lite* ought not to be granted unless it appears that the party is without means to properly present a defense or that an allowance is necessary for support pending the proceeding. Where the husband is complainant, if the wife has means adequate for such purposes the court should not, in advance of a hearing upon the merits, require him to contribute money to her or to her counsel.

**Bill for Divorce.**—Appeal from the Circuit Court of Greene County; the Hon. GEORGE W. HERDMAN, Judge, presiding. Heard in this court at the November term, 1895. Reversed and remanded. Opinion filed May 16, 1896.

## STATEMENT OF THE CASE.

This is an appeal from a decree sustaining a demurrer to a bill in chancery for divorce and dismissing the bill at cost of complainant. The bill was as follows:

Your orator, William P. Carlin, of the county of Greene and State of Illinois, respectfully represents unto your honor that he is now, and for more than one year prior to the 10th day of January, A. D. 1895, and indeed during all his lifetime, has been a resident of said county of Greene and State of Illinois. That on the 19th day of July, A. D. 1864, at Buffalo, in the State of New York, he was lawfully married to one Matilda J. Carlin, the defendant hereinafter named, and from that time until about the 1st day of April, A. D. 1889, he lived and cohabited with the said Matilda J. Carlin as her husband, and during all that time faithfully performed all his duties and obligations as a husband, patiently bearing with his said wife's faults and errors, and striving to make her and his home comfortable and happy.

Your orator further represents unto your honor that the said Matilda J. Carlin, wholly regardless of her duty and obligations as a wife, shortly after her said marriage commenced the excessive and habitual use of intoxicating liquors, accompanied by the use of opium and other narcotics; and although your orator used every effort in his power to induce his said wife to cease the use of such intoxicating liquors and break off the habit that was growing upon her, the said defendant, wholly regardless of her duty

as a wife, refused to comply with the request of your orator to cease the use of such intoxicating liquors, but on the contrary persisted in the constant and excessive use of the same until the habit of indulging in them became so firmly fixed and her powers of will so enfeebled that she apparently lost all power to resist the temptation to indulge in them, and for more than two years prior to the said 1st day of April, A. D. 1889, and indeed for many years prior to said last mentioned time, the said Matilda J. Carlin had been guilty of habitual drunkenness; that she had been in an intoxicated condition almost continually and had been wholly unfit to attend to her duties and discharge her obligations as a wife during that time. That while in said condition she was very quarrelsome and ill-treated your orator, using toward him insulting, abusive language and opprobrious epithets; that at times her denunciations and abuse of your orator became so loud and threatening as to attract the attention, not only of the family servants, but of the neighbors as well; that in this condition she would frequently threaten to kill your orator, and by such conduct rendered your orator's condition intolerable and his life burdensome.

That on account of their child, and from a sense of pride and respect for the feelings of his wife and her people, your orator continued for a number of years to patiently bear with these faults and failings on the part of his said wife, in the hope that she might be induced to reform and break off her habit of excessive indulgence in such intoxicating liquors; but instead of reforming, the conduct of the said Matilda J. Carlin became, in this respect, worse and worse, until finally it became unbearable and impossible for your orator to longer live and cohabit with the said Matilda J. Carlin as her husband, and on or about the 1st day of April, A. D. 1889, your orator was compelled to withdraw from his said wife, since which time they have lived wholly separate and apart.

Your orator further represents and shows to your honor that at the time of his said separation from his said wife your orator was an officer in the United States army, in

command at Fort Sherman in the State of Idaho, where he remained in such command until in May in the year 1893, when your orator was promoted to the rank of brigadier-general, and given the command of the department of the Columbia, with headquarters at Vancouver, in the State of Washington, where he remained until he was placed on the retired list by operation of law, November 24, 1893, and that for more than a year after his said retirement, your orator was engaged in settling up his affairs, especially with the government of the United States.

Your orator further represents unto your honor that on account of his military duties from the said 1st day of April, A. D. 1889, until the 24th day of November, A. D. 1893, and on account of the time required in settling up his said affairs from said 24th day of November, A. D. 1893, down to just prior to the institution of this suit, he was unable to be personally present in this county to attend to the institution and prosecution of a suit for divorce from his said wife, as he earnestly desired and intended to do.

Forasmuch, therefore, as your orator is without remedy in the premises, except in a court of equity, and to the end that the said Matilda J. Carlin, who is made party defendant to this amended bill, may be required to make full and direct answer to the same by a short day, to be fixed by the court, and that upon the hearing of this cause your orator may be forever freed from the bonds of matrimony now existing between him and the said Matilda J. Carlin; and that your orator may have such other and further relief as equity may require and to your honor shall seem meet.

The causes for demurrer were as follows:

1st. That in and by said bill the charge of habitual drunkenness is placed more than two years before the date of filing the bill of complaint.

2d. That the offense charged in said bill of complaint is not a legal cause for divorce under the laws of the State of Illinois.

3d. That the material matters alleged in the said bill of

complaint are in law and equity insufficient to obtain the relief asked.

Upon petition of defendant and a hearing thereon the court decreed the complainant should pay the sum of $250 as alimony *pendente lite*.

FRANK A. WHITESIDE, attorney for appellant.

The doctrine of requiring the husband to pay alimony *pendente lite* at common law, rests upon the principle that the husband, who has all the money, while the wife has none, is bound to furnish her, whether plaintiff or defendant, with the means for her support and to defray her expenses in the suit; for otherwise she would be denied justice. Newman v. Newman, 69 Ill. 167; D'Aquilar v. D'Aquilar, 1 Hagg. Ch. R. 733; 3 Eng. Eccl. R. 329–338; 6 Eng. Eccl. R. 372; Homes v. Homes, Walker Ch. R. 474; Homes v. Homes, 2 Lee, 90; Turst v. Turst, 2 Lee, 92; Armstrong v. Armstrong, 35 Ill. 109; Logan v. Logan, 2 B. Mont. 142; Rose v. Rose, 11 Paige Ch. 166.

Our statute on this question (Sec. 15, Chap. 40, R. S.) is but a reiteration of the common law doctrine, recognized and enforced in this State prior to its enactment. Putrie v. People, 40 Ill. 334; Foss v. Foss, 108 Ill. 579.

The discretion therein conferred upon the chancellor is a judicial discretion, subject to review on error or appeal. Foote v. Foote, 22 Ill. 425.

" In exercising such discretion, especially in cases where the wife is defendant, and where the fact of marriage is not in controversy, the determining considerations are the necessities of the wife and the financial ability and circumstances of the husband." Umlauf v. Umlauf, 22 Ill. App. 580; Lane v. Lane, 22 Ill. App. 529; Burgess v. Burgess, 25 Ill. App. 525.

It must necessarily follow that when there is a complete absence of an essential "determining consideration," the granting of either alimony *pendente lite*, or suit money, would be an abuse of that discretion. Thus, we find that

Carlin v. Carlin.

where the wife has an adequate income to enable her to prosecute or defend her suit, she is not entitled to an order on her husband for suit money. 2 Bishop on Marriage, Divorce and Separation, Sec. 978, and numerous cases cited in notes 4 and 5.

Nor will she be decreed alimony *pendente lite* if she has sufficient means of her own to comfortably support her during the pendency of the suit. 2 Bishop on Marriage, Divorce and Separation, Secs. 930 and 831, and cases cited in notes. Poynter's Marriage and Divorce, Secs. 260 and 261, and cases cited in notes.

"If the wife have a separate estate by which she is enabled to prosecute her suit without such allowance, the court will not grant application until her means are expended." Porter v. Porter, 41 Miss. 116.

If she "had either funds or credit sufficient for the purpose of her defense and her present support, it would have been improper for the court to require her husband to furnish money for such purposes pending the litigation. Her affidavit does not show such a state of facts as would require the court to make such an order." Kenemere v. Kenemere, 26 Ind. 330.

MARK MEYERSTEIN, attorney for appellee.

All causes for divorce in this State are prescribed by the statute, and a complainant asking for a divorce in the courts of Illinois, must bring himself within one of the statutory causes. Habitual drunkenness for the space of two years prior to the institution of the suit is one of the statutory causes, and courts must confine themselves to the causes recognized in the statute. Harman v. Harman, 16 Ill. 85.

The allowance of alimony to the wife for her support pending a suit for a divorce, and to enable her to maintain or defend the suit under the statute, as at common law, is discretionary, and will not be disturbed by this court, unless the amount is so excessive as to amount to an abuse of discretion. Foss v. Foss, 100 Ill. 576.

The court has power to award attorney's fees and other expenses in divorce causes and the matter is largely in the discretion of the court, having in view the wealth and social standing of the parties. Blake v. Blake, 80 Ill. 523.

The power to require the husband to pay alimony *pendente lite* is not affected by the statutory right of the wife to control her separate property and to enjoy her own earnings. Wooley v. Wooley, 24 Ill. App. 431.


MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

Courts in equity have exclusive jurisdiction of suits for divorce.

Our statute of limitations does not in terms apply to such proceedings, and according to the familiar doctrine the court in such cases will determine from inherent equitable principles whether the complainant has been guilty of such *laches* as ought to debar relief. 13 Amer. & Eng. Ency. of Law 675, 676.

The allegations of the bill reasonably excuse complainant's delay; the relative position of the parties has not been altered to the prejudice of the defendant by the lapse of time, and the delay in instituting the action has not been so great within itself as to warrant a court of equity in refusing to entertain the bill and hear the cause.

The principal contention of the appellee is, a bill for divorce upon the ground the defendant has been guilty of habitual drunkenness for a period of two years, must be exhibited in the court immediately upon the expiration of the two years. We find no warrant for this view in the language of the statute or in the reason or justice of the matter, and do not assent to its correctness.

It is not necessary the complainant should institute his suit instantly upon the expiration of the period of two years or the day after, the week after, month or year or any other specified time after the expiration of such period.

It is sufficient if the allegations of the bill show the defendant has been guilty of habitual drunkenness from the use of intoxicating liquors for two successive years prior to

the institution of the suit and negative all imputations of condonation or *laches*, if an inference of either arises from the delay in invoking the action of the court or otherwise from the circumstances of the particular case.

Tested by this rule the bill in the case at bar is in our judgment good and sufficient to entitle the complainant to a standing in court.

It is stated in the bill the defendant was also addicted to the use of opium and other narcotics, but the charge is distinctly made the drunkenness complained of resulted from the use of intoxicating liquors.

Alimony *pendente lite* ought not to be decreed unless it appears the wife is without means to enable her to properly present her defense or that an allowance is necessary for her support pending the proceeding.

If she has means adequate for such purposes the court should not, in advance of a hearing upon the merits of the case, require the complainant to contribute money to her or to her counsel.

In the case at bar the wife has an income of $5,000 per year, and we perceive no reason for requiring the complainant to pay to her or her counsel any sum in advance of a determination of the right of the parties upon final hearing.

The decree sustaining the demurrer to the bill and dismissing the cause and making an allowance of alimony *pendente lite* is reversed and the cause remanded with direction to the court to overrule the demurrer and require the defendant to plead to or answer the bill.